**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; BEECHWOOD MUSIC CORPORATION; HOWE SOUND MUSIC PUBLISHING LLC d/b/a CYPRESS PARK MUSIC; EMI BLACKWOOD MUSIC INC.; PEER INTERNATIONAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>PALS WATERING HOLE LLC d/b/a PALS WATERING HOLE and JESSICA LAMB and GINGER ADAMS, each individually,<br><br>Defendants. | CIVIL ACTION NO.<br><br>5:26-cv-00032-TES |

**ORDER**

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 17). This Court finds as follows:

**<u>BACKGROUND</u>**

Plaintiffs filed this copyright infringement action on January 26, 2026 against Defendants Pals Watering Hole LLC, Jessica Lamb, and Ginger Adams. (Doc. 1). Plaintiffs sought statutory damages and an injunction against Defendants.

Defendants were served with process but did not plead or take any other steps to defend in this case. (Docs. 6–8, 10). Plaintiffs obtained a clerk's entry of default on June 9, 2026 and then moved for a default judgment. (Doc. 13). This Court granted the motion and entered a default judgment that required Defendants to pay, jointly and severally, $17,200 in statutory damages and enjoined future copyright infringement. (Doc. 15).

In their motion for default judgment, Plaintiffs also requested an award of their costs, including attorneys' fees, under 17 U.S.C. § 505. (Doc. 13). This Court granted that request and ordered Plaintiffs to file a separate motion regarding their costs and attorneys' fees under Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiffs did so (Doc. 17), seeking $14,305.50 in attorneys' fees and $1,293.75 in costs, and their motion is now ripe for review.

## **ANALYSIS**

### A. **Attorneys' Fees**

Courts in the Eleventh Circuit employ the "lodestar" approach to set reasonable fee awards. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). Under this approach, the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The "lodestar" amount "may then be adjusted for the results obtained." *Loranger*, 10

F.3d at 781. A party seeking an award of attorneys' fees bears the burden of documenting the appropriate hours and hourly rate. *Coastal Fuels Marketing, Inc. v. Florida Express Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000).

Here, Plaintiffs seek $14,305.50 in attorneys' fees. A declaration from Plaintiffs' counsel, Joseph H. Stuhrenberg, and the exhibits thereto reveal that his firm has billed Plaintiffs for his time at the rate of $495.00 per hour and that, through July 31, 2026, he performed 28.9 hours of work on this matter.[1] (Doc 17-1).

As to the reasonableness of the fee, Plaintiffs acknowledge that the total fee award requested is higher than fees usually awarded in copyright infringement cases of this sort. *See, e.g.*, *Garden World Images Ltd. v. WilsonBrosGardens.com LLC.*, No. 1:19-CV-01035-AT, 2019 WL 8017802, at *6 (N.D. Ga. Oct. 31, 2019) (awarding $4,570 in attorneys' fees and $12,672 in statutory damages in a copyright infringement case where default judgment was entered); *Hawaiiweb, Inc. v. Experience Hawaii, Inc.*, No. 1:16-CV-00405-WSD, 2017 WL 382617, at *9 (N.D. Ga. Jan. 27, 2017) (awarding $4,680 in attorneys' fees and $8,000 in statutory damages in same circumstance); *Broadcast Music, Inc. v. Georgia Rib Company, Inc.*, 166 F. Supp. 3d 1329, 1334 (N.D. Ga. 2014) (awarding $7,655 in attorneys'

[1] Plaintiffs note in their motion that the most recent bill filed with their motion encompasses time worked through July 31, 2026 and that they are <u>not</u> seeking an award of fees stemming from any work performed after that date.

fees and $40,000 in statutory damages in copyright infringement case that proceeded to motion for summary judgment).

But Plaintiffs argue that the total fee award requested is still reasonable because "Defendants blatantly and repeatedly disregarded the copyright laws and were made aware of their violations on numerous occasions." *E Beats Music v. Andrews*, 433 F. Supp. 2d 1322, 1328 (M.D. Ga. 2006). Plaintiffs suggest that, as in *E Beats Music*, "[t]o further the purposes of the copyright laws in general and to deter future violations by Defendants," the full amount of fees should be awarded. *Id.* Plaintiffs also posit that their request for an award of $14,305.50 in attorneys' fees is reasonable because some of Plaintiffs' counsel's time was spent trying to resolve the case with Defendants. According to Plaintiffs, they ought not to be penalized for endeavoring in good faith to resolve the case before proceeding with their application for clerk's entry of default and motion for default judgment.

The Court finds that the total fee amount is reasonable, and that the hourly rate is reasonable in view of the market for these legal services. The Court further finds that the number of hours expended in this matter was reasonable and that Plaintiffs provided sufficient documentation of those hours. Plaintiffs substantiated their motion for attorneys' fees with a declaration (Doc. 17-1) and timekeeping and billing records. (*Id.* at 4–24). Those records show that Mr. Stuhrenberg billed 28.9 hours in communications, drafting, traveling from Atlanta to Macon and back for

the hearing the Court scheduled on Plaintiffs' motion for default judgment, and other activities related to Plaintiffs' complaint and pursuit of a default judgment. (*Id.*).

**B. <u>Costs</u>**

Plaintiffs request $1,293.75 in costs. Under 17 U.S.C. § 505, a court may grant "recovery of full costs." "The prevailing party in a copyright-infringement case may recover costs listed in 28 U.S.C. Section 1920." *Garden World Images*, 2019 WL 8017802, at *6 (citation and punctuation omitted). "This includes the cost of filing the initial action with the clerk, and the cost of serving of process." *Id.*

Plaintiffs request the $405 fee for filing this case and $888.75 spent on private process servers. Plaintiffs do not seek to recover their incidental shipping costs. The $405 filing fee is awardable under 28 U.S.C. § 1920, and the $888.75 paid for private process servers may be taxed by the Court as well. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

Accordingly, the Court awards Plaintiffs $1,293.75 in costs.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 17) is **GRANTED**. Defendants are **HEREBY ORDERED** to pay Plaintiffs **<u>$14,305.50</u>** in attorneys' fees and **<u>$1,293.75</u>** in costs. Plaintiffs are entitled to recover those amounts from Defendants jointly and severally.

**SO ORDERED** this 19th day of August, 2026.

s/Tilman E. Self, III
**TILMAN E. SELF, III**
United States District Judge